J-A15011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT BOWEN | |
| Appellant | No. 1127 EDA 2013 |

Appeal from the Judgment of Sentence February 22, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013590-2011

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.:                **FILED AUGUST 05, 2014**

Appellant, Scott Bowen, appeals from the judgment of sentence entered February 22, 2013, by the Honorable Diana Anhalt, Court of Common Pleas of Philadelphia County.  We affirm.

For a detailed recitation of the facts of this case and the conflicting testimony adduced at trial, we direct the reader to the trial court's 1925(a) memorandum opinion.  **See** Trial Court Opinion, 10/30/13 at 2-4.  Briefly, on September 3, 2011, Bowen and the victim, Aaron Rasmussen, engaged in an altercation at Ladder 15, a bar and restaurant located in Philadelphia. Although both Bowen and the victim offered different accounts as to who started the argument, it is undisputed that at some point after the parties were escorted outside, a confrontation again ensued, at which point Bowen

stabbed the victim in the upper left abdomen.  The victim was transported to the hospital for surgery.

Bowen was subsequently arrested and charged with Aggravated Assault,[1] Possession of an Instrument of Crime,[2] Simple Assault,[3] and Recklessly Endangering another Person.[4]  Following a non-jury trial on January 7, 2013, the trial court convicted Bowen of Aggravated Assault and Possession of an Instrument of Crime.  On February 22, 2013, Bowen was sentenced to four years' probation.  Bowen filed post-sentence motions on March 1, 2013, which the trial court denied.  This timely appeal followed.

On appeal, Bowen raises the following issues for our review:

1. Was the trial court's verdict against the weight of the evidence insomuch as no reasonable factfinder could find that the Commonwealth proved Mr. Bowen guilty beyond a reasonable doubt?

2. Was the trial court's verdict against the weight of the evidence insomuch as no reasonable factfinder could find that the Commonwealth proved Mr. Bowen was not acting in self-defense beyond a reasonable doubt?

3. Was the evidence insufficient as a matter of law to sustain the verdict?

Appellant's Brief at 6.

_____

[1] 18 Pa.C.S. § 2702(a).
[2] 18 Pa.C.S. § 907(a).
[3] 18 Pa.C.S. § 2701(a).
[4] 18 Pa.C.S. § 2705.

Preliminarily, we note that Bowen has waived his challenge to the sufficiency of the evidence to support the verdict. In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements of the crime for which the appellant alleges the evidence was insufficient. *See Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013); *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Gibbs*, 981 A.2d at 281. In *Garland*, the appellant's 1925(b) statement stated only that "[t]he evidence was legally insufficient to support the conviction," and a panel of this court found that the sufficiency challenge was waived on appeal. *Id*. at 344.

Instantly, Bowen's Rule 1925(b) statement states in pertinent part, "[t]he evidence was insufficient as a matter of law to sustain the verdict." 1925(b) Statement of matters Complained of on Appeal, 7/23/1 at 2. Bowen's Rule 1925(b) statement not only fails to identify which elements he is challenging, but also which conviction he is challenging. That Bowen additionally fails to specify in his appellate brief the elements he is challenging further inhibits our review of this claim. Accordingly, we are constrained to find Bowen's challenge to the sufficiency of the evidence waived on that basis. *See Garland*, *supra*.

- 3 -

We proceed to examine Bowen's argument that the verdict was against the weight of the evidence. A challenge to the weight of the evidence "concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *Commonwealth v. Orie*, 88 A.3d 983, 1015 (Pa. Super. 2014) (citation omitted). Our standard when reviewing a weight of the evidence claim is well settled.

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.' " It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail."
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
>> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that

the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Id*. at 1015-1016 (citation and emphasis omitted).

Bowen primarily argues that the trial court erred in rejecting his self-defense claim. "The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person." 18 PA.CONS.STAT.ANN. § 505(a). "Although the defendant has no burden to prove self-defense, … before the defense is properly in issue, 'there must be some evidence, from whatever source, to justify such a finding.'" **Commonwealth v. Mouzon**, 53 A.3d 738, 740 (Pa. 2012) (citation omitted). Once a justification defense is properly raised, "the Commonwealth bears the burden to disprove such a defense beyond a

reasonable doubt." ***See Commonwealth v. Torres***, 766 A.2d 342, 345 (Pa. 2001).

The Commonwealth sustains its burden if "it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety." ***Commonwealth v. McClendon***, 874 A.2d 1223, 1230 (Pa. Super. 2005) (citation omitted). "It remains the province of the [finder of fact] to determine whether the accused's belief was reasonable, whether he was free of provocation, and whether he had no duty to retreat." ***Id***.

With our standard of review in mind, we have examined the certified record, the briefs of the parties, Judge Anhalt's memorandum opinion, and the applicable law, and we find that the trial court ably and methodically addressed the issues Bowen presented on appeal. We agree with the trial court that Bowen's challenge to the weight of the evidence to support his convictions and request for a new trial is without merit. Accordingly, we affirm on the basis of the Judge Anhalt's well-written memorandum opinion. ***See*** Trial Court Opinion, 10/30/13 at 5-7.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/5/2014</u>



FILED

OCT 3 0 2013

Criminal Appeals Unit
First Judicial District of PA

IN THE COURT OF COMMON PLEAS
FOR THE COUNTY OF PHILADELPHIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :    NO.: CP-51-CR-0013590-2011

      v.

SCOTT BOWEN                 :    Superior Court No.:
                               1127 EDA 2013

CP-51-CR-0013590-2011 Comm. v. Bowen, Scott
Opinion



7079863301

## OPINION

**ANHALT, J.**

Appellant in the above-captioned matter appeals this Court's judgment regarding the Appellant's convictions for Aggravated Assault (F-2) and Possession of an Instrument of Crime. The Court submits the following Opinion in accordance with the requirements of Pa.R.A.P. 1925(a). For the reasons set forth herein, the Court holds that the judgment should be affirmed.

## PROCEDURAL HISTORY

On September 4, 2011, police arrested Appellant, Scott Bowen, for Aggravated Assault, Possession of an Instrument of Crime, Simple Assault, and Recklessly Endangering Another Person. On January 7, 2013, Appellant waived his right to a jury and proceeded to a bench trial before the Court. On that date, the Court found Appellant guilty of Aggravated Assault (F-2) and Possession of an Instrument of Crime (M-1).

On February 22, 2013, the Court sentenced Appellant to four years probation on each charge to run concurrent to one another. On March 1, 2013, Appellant filed Post-Sentence Motions which were denied by the Court without a hearing on March 18, 2013.

Appellant filed this timely appeal on April 16, 2013. On April 23, 2013, the Court

1

ordered appellant to file a Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal within 21 days. Appellant requested and the Court granted two extensions of time due to Appellant counsel's schedule and the lack of transcription of the notes of testimony. Appellant filed a Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal on July 23, 2013.

## FACTUAL HISTORY

This case involved an incident that occurred on the night of September 3, 2011, at Ladder 15, a bar located at 1528 Sansom Street in Philadelphia. The victim, Aaron Rasmussen, a 24 year old medical student, testified at trial that he arrived at the bar late that Friday night to celebrate with fellow students after taking their first medical school exam. (N.T., 1/7/13, p. 10). Mr. Rasmussen was standing at the downstairs bar with some female friends when he encountered Appellant. Neither man had ever met the other before that night. Both men, however, had consumed a fair amount of alcohol prior to their encounter that night. (N.T., 1/7/13, pp. 11-12).

Mr. Rasmussen testified that the incident started when Appellant came up in his face and said "Why the fuck are you hanging out with those black girls?" (N.T., 1/7/13, p. 12). Appellant denied having made that remark and testified that he told one of the black females that he hoped she would be open to dating a white man and that she then whispered something in Mr. Rasmussen's ear. (N.T., 1/7/13, pp. 160-161). However it started, an argument ensued and Mr. Rasmussen knocked a drink from Appellant's hand. Both men were then escorted outside. (N.T., 1/7/13, pp. 13-15).

Joseph Thomas, another medical student, testified at trial that he had been in the bathroom during the argument. (N.T., 1/7/13, p. 80). When he came out, his wife, one of the black females with Mr. Rasmussen, told him what had happened. (N.T., 1/7/13, p. 80). Mr.

2

Thomas caught up with Mr. Rasmussen at the doorway and offered to drive him home or to another bar, but Mr. Rasmussen was upset and said he just wanted to grab a cab and get out of there. (N.T., 1/7/13, pp. 81-82). Mr. Thomas had not had anything to drink because he was the designated driver. Mr. Thomas stated that Mr. Rasmussen was trying to get a cab while Mr. Thomas held on to him as he called his wife on the phone. (N.T., 1/7/13, p. 83). Mr. Thomas said he was telling his wife to grab their other friends and come outside when he felt a nudge on his side in between him and Mr. Rasmussen. (N.T., 1/7/13, p. 83). He testified that he immediately looked up and saw the Appellant. (N.T., 1/7/13, p. 84). He then saw the blood coming out of Mr. Rasmussen and he helped him across the street from the bar and kept pressure on his wound until the paramedics came to the scene. (N.T., 1/7/13, pp. 85-86).

Mr. Rasmussen's testified that it was his recollection that he was texting when he felt a jab to his upper left abdomen. (N.T., 1/7/13, pp. 19-20). When Mr. Rasmussen looked down at his hand and saw blood, he realized he had been stabbed. (N.T., 1/7/13, p. 20). He testified that he looked up and saw Appellant. (N.T., 1/7/13, p. 20). Neither Mr. Rasmussen nor Mr. Thomas saw Appellant approach them. Paramedics transported Mr. Rasmussen to the hospital where he underwent surgery. (N.T., 1/7/13, p. 23). Appellant left the scene before police arrived. Police arrested Appellant the next day when he returned to the bar to retrieve his credit card and find out what he "had to deal with". (N.T., 1/7/13, pp. 106-109, p. 175).

Appellant and two bouncers gave a somewhat different account of what happened outside the bar during the defense portion of the case. Although the bouncers also observed Mr. Rasmussen trying to get into a cab, they testified that Mr. Rasmussen shoved Appellant when Appellant returned to the area after having walked down the block, and that the two men engaged in a heated verbal argument. (N.T., 1/7/13, p. 115-119, 146-149). One of the bouncers,

3

Michael Delligatti, testified that he saw Mr. Rasmussen shove Appellant twice, but did not see anyone throw a punch or a kick prior to the stabbing. (N.T., 1/7/13, p. 147).

Appellant testified that he returned to the scene that night to retrieve his credit card which he left at the bar when he was ejected. (N.T., 1/7/13, p. 167). Appellant sated that when he encountered Mr. Rasmussen outside the bar that Mr. Rasmussen was the aggressor, charging him and shoving him with both hands. (N.T., 1/7/13, pp. 169-171). Appellant testified he then backed away, took out a knife and warned Mr. Rasmussen not to touch him. (N.T., 1/7/13, p. 170). When Mr. Rasmussen shoved him again, Appellant stated that he was afraid Rasmussen might punch him so Appellant swiped at him with the knife. (N.T., 1/7/13, p. 171-172).

## DISCUSSION

Appellant argues that the evidence was insufficient as a matter of law and against the weight of the evidence because no reasonable fact finder could find that the Commonwealth proved Appellant's guilt beyond a reasonable doubt.

In considering a challenge to the sufficiency of the evidence, the reviewing court must determine whether, viewing all the evidence at trial and the reasonable inferences therefrom in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense charged was proven beyond a reasonable doubt. *Cmmw. v. Chine*, 40 A.3d 1239, 1242 (Pa.Super. 2012); *Cmmw. v. Marinelli*, 690 A.2d 203, 210-11 (Pa. 1997); *Cmmw. v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997). This standard is applicable whether the evidence presented is circumstantial or direct, provided the evidence links the accused to the crime beyond a reasonable doubt. *Cmmw. v. Morales*, 669 A.2d 1003, 1005 (Pa. Super. 1996). Furthermore, questions of witness credibility and the weight to be afforded the evidence are within the sole province of the finder of fact, who is free to believe all, part, or none of the evidence. *Cmmw. v.*

4

*Woods*, 638 A.2d 1013, 1015 (Pa. Super. 1994); *Cmmw. v. Mayfield*, 585 A.2d 1069 (Pa. Super. 1991). Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. *Cmmw. v. Chine*, supra at 1242.

A person is guilty of aggravated assault as a felony of the second degree if he intentionally "cause(s) serious bodily injury to another." 18 Pa.C.S.A. s 2702(a). (b). Here, the evidence the Appellant stabbed Mr. Rasmussen with a knife is sufficient to prove aggravated assault as a felony of the second degree. The Court, in convicting Appellant, believed the complainant and eye-witness' accounts of the events unfolding the night in question.

The Appellant's other argument is that the verdict is against the weight of the evidence because no reasonable fact finder could find that the Commonwealth proved Appellant was not acting in self-defense when he stabbed Mr. Rasmussen.

In order to establish self-defense, a defendant must show three elements: 1) he was free from provoking or continuing the difficulty which resulted in the use of deadly force; 2) he reasonably believed that he was in imminent danger of death or serious bodily injury, and that there was a necessity to use such force in order to save himself or others therefrom; and 3) he did not violate a duty to retreat or to avoid the danger. 18 Pa.C.S. §505; *Cmmw. v. Mouzon*, 53 A.3d 738 (Pa. 2012); *Cmmw. v. Cropper*, 345 A.2d 645 (Pa. 1975).

The requirement of a reasonable belief in of danger of death or serious bodily injury encompasses two aspects, one subjective and one objective. First, the defendant must have acted out of an honest, bona fide belief that he was in imminent danger, which involves consideration of the defendant's subjective state of mind. Second, the defendant's belief that he needed to defend himself with deadly force, if it existed, must be reasonable in light of the facts as they

5

appeared to the defendant, a consideration that involves subjective analysis. *Cmmw. v. Mouzon, supra.*

Here, under either the Commonwealth's or the defense's version of events, there was no evidence that Appellant actually believed he was in imminent danger of death or serious bodily injury at the time. Nor was such a belief objectively reasonable under either version of events. Indeed, the evidence presented by the Appellant showed only that Appellant had been shoved twice by the unarmed victim, and that he merely feared possibly being hit at the point he stabbed Mr. Rasmussen in a vital part of his body. Accordingly, it was not reasonable under the circumstances for Appellant to use such excessive force, and thus, Appellant's claim that the evidence was insufficient to prove that he did not act in self-defense is utterly baseless.

"For a new trial to lie on a challenge that the verdict is against the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Cmmw. v. Edwards,* 582 A.2d 1078, 1083 (Pa.Super.1990); *Cmmw. v. Shaffer,* 722 A.2d 195, 200 (Pa.Super.1998); *See also, Cmmw. v. Johnson,* 910 A.2d 60, 64 (Pa.Super. 2006). Appellant offers nothing in support of this claim not already raised in his claim challenging the sufficiency of the evidence and weight of the evidence as it relates to self-defense. As this Court has already stated, the defense's version of events failed to show he acted in self-defense when he stabbed the victim and the Commonwealth proved its case beyond a reasonable doubt. Thus, the verdict was in no way against the weight of the evidence.

Furthermore, questions of witness credibility and the weight to be afforded the evidence are within the sole province of the finder of fact, who is free to believe all, part, or none of the evidence. *Cmmw. v. Woods,* 432 Pa. Super. 428, 638 A.2d 1013, 1015 (Pa. Super. 1994); *Cmmw. v. Mayfield,* 585 A.2d 1069 (Pa. Super. 1991). Here, the Court found that the testimony of Mr.

6

Rasmussen and Mr. Thomas was entirely reasonable and credible more so than the testimony of the Appellant or any of his witnesses.

**CONCLUSION**

For the foregoing reasons, the Court's finding of Appellant guilty of the above charges should be affirmed.

BY THE COURT:

*Diana L. Anhalt*

DIANA ANHALT, J.

October 30, 2013

## PROOF OF SERVICE

I hereby certify that on the date set forth below, I caused an original copy of the Judicial Opinion to be served upon the persons at following locations, which service satisfies the requirements of Pa.R.A.P. 122:

Thomas F. Burke, Esquire
Borum, Burke, DiDonato & Vocci, LLC
Two Penn Center, Suite 900
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102

Hugh Burns, Esquire
Philadelphia District Attorneys Office
Three South Penn Square
Philadelphia, PA 19107

Date: 10/30/13

By: *Diana L. Anhalt*
Diana Anhalt, Judge